IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FRANK A. DEPINTO,

    Plaintiff,

v.                                Case No. 5:20cv11-RH-MJF

ROBIN SHADER,

    Defendant.

_____/

**ORDER GRANTING SUMMARY JUDGMENT**

    The plaintiff asserts a claim for damages under 42 U.S.C. § 1983 and the First Amendment based on his exclusion from public libraries that are part of the Northwest Regional Library System. The defendant is the System's director. The defendant has moved for summary judgment. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 63, and the objections, ECF Nos. 64 and 65. I have reviewed de novo the issues raised by the objections.

    The record establishes without genuine dispute that the plaintiff repeatedly engaged in disruptive, even threatening behavior in the libraries. The report and recommendation correctly concludes that the defendant is entitled to summary judgment.

First, whatever right a person may have to use a public library, the right does not extend to disruptive or threatening behavior of the kind the plaintiff repeatedly engaged in. A library user can be required to follow the library's reasonable rules, especially those that are neither content- nor viewpoint-based.

Second, qualified immunity applies to § 1983 damages claims against public employees and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 574 U.S. 13 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a public employee may be held individually liable only if the employee's conduct violates clearly established law. Here the defendant did not violate the plaintiff's rights at all—and even more plainly did not violate clearly established law.

In his objections, the plaintiff says summary judgment cannot be granted because he demanded a jury trial. But summary judgment is proper when, as here, a party is entitled to judgment even when genuine factual disputes are resolved in favor of the adverse party.

IT IS ORDERED:

1. The defendant's summary-judgment motion, ECF No. 53, is granted.

2. The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is ordered that the plaintiff Frank A. DePinto

recover nothing on his claims against the defendant Robin Shader. The claims are dismissed on the merits."

    3. The clerk must close the file.

    SO ORDERED on May 2, 2022.

s/Robert L. Hinkle
United States District Judge
